**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lauro HERNANDEZ–LOPEZ,
Defendant–Appellant.**

No. 06–40058
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 25, 2007.

James Lee Turner, Assistant Us Attorney, U.S. Attorney's, Office Southern District of Texas Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's, Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: [*]

Lauro Hernandez–Lopez appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The district court erred when it sentenced Hernandez–Lopez pursuant to a mandatory guidelines system. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). Because Hernandez–Lopez preserved his *Fanfan* challenge in the district court by raising an objection based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we review for harmless error. *See United States v. Rodriguez–Mesa*, 443 F.3d 397, 404 (5th Cir.2006). The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Hernandez–Lopez differently under an advisory guidelines system. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005).

The sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the Guidelines been advisory rather than mandatory. Further, the district court's grant of a downward departure alone is insufficient to satisfy the Government's burden of showing beyond a reasonable doubt that the error did not affect Hernandez–Lopez's sentence. *See United States v. Garza*, 429 F.3d 165, 171 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1444, 164 L.Ed.2d 143 (2006). We therefore vacate Hernandez–Lopez's sentence and remand the case for resentencing.

Hernandez–Lopez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herndandez–Lopez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez–Lopez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Hernandez–Lopez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.